SIXTH DIVISION

June 28, 2002 

No. 1-00-3848

ROMAN M. STYZINSKI,

Plaintiff-Appellant, 

v.

UNITED SECURITY LIFE INSURANCE COMPANY OF ILLINOIS,

Defendant-Appellee.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Peter Flynn,

Judge Presiding.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

This case arises from a dispute over a medical insurance policy issued by defendant United Security Life Insurance Company of Illinois to plaintiff Roman Styzinski.  Plaintiff filed a complaint against defendant alleging breach of contract based on its failure to pay, pursuant to that policy, approximately $100,000 of medical expenses he incurred after he was injured while driving a motorized two-wheel vehicle.  Defendant filed a three-count first amended counterclaim.  Count I alleged that plaintiff made a misrepresentation on his application for medical insurance when he responded "no" to a question asking whether he had driven a motorcycle during the preceding two years or contemplated driving one in the future.  The count further alleged that his misrepresentation was material and therefore required rescission of the insurance contract
.  Counts II and III alleged that even if the insurance contract was valid, two of its exclusionary provisions regarding injuries sustained while engaged in illegal activity barred plaintiff's claim.  Specifically, Count II alleged plaintiff operated his vehicle at the time of the accident under the influence of marijuana and/or with marijuana in his bodily systems in violation of section 11-501(a)(5) of the Illinois Vehicle Code (625 ILCS 5/11-501(a)(5) (West 1996)).  Count III alleged plaintiff violated Illinois laws which made it illegal to operate a motorcycle in the place and manner undertaken by plaintiff at the time of the accident. 

Defendant subsequently filed a motion for summary judgment based on the same claims
 alleged in its first amended counterclaim
.  Thereafter, the trial court issued a written order granting defendant's motion for summary judgment, entering judgment for defendant on count I of its first amended counterclaim and rescinding the contract, and dismissing counts II and III "as moot."  Plaintiff appeals the entry of summary judgment, contending that the trial court erred by concluding he made a material misrepresentation on his application for insurance.  Plaintiff argues that his answer to the motorcycle-related question was accurate because the vehicle he was operating at the time of his accident was an off-road dirt bike rather than a motorcycle.  Defendant responds that the trial court properly entered summary judgment based on plaintiff's misrepresentation and cross-appeals, alternatively contending that the entry of summary judgment should be affirmed because plaintiff's claim was barred by the exclusionary provisions identified in its first amended counterclaim and summary judgment motion.  Plaintiff subsequently filed a motion in this court to strike defendant's brief on cross-appeal and dismiss its cross-appeal on the grounds that its brief failed to address "mootness," the basis on which the trial court dismissed counts II and III of defendant's first amended counterclaim.

Plaintiff, a certified mechanic, operated a business that repaired small engines at the time he applied to receive medical insurance from defendant.  Plaintiff submitted his written application for insurance on December 4, 1996, and answered "no" to the following question on the application:

"Does any person named above contemplate or has within the last two years been engaged in the following activities: Aviation, Hang Gliding, Parachuting, Parasailing, Racing (any kind), 
Motorcycle Driving or Racing
, Rodeo Activities, Competitive Skiing, Scuba or Sky Diving, or other hazardous sports?"  (Emphasis added.)

Plaintiff stated during his deposition that insurance agent Ron Yocum helped him fill out the application and read the questions out loud to him "in a fast kind of motion, 'yes' or 'no.' "  
After Yocum read the motorcycle-related question at issue, plaintiff told Yocum he occasionally test-drove dirt bikes.  
Plaintiff also told Yocum that he repaired go carts and golf carts and assumed Yocum knew that he also worked on vehicles such as motorcycles or dirt bikes.  
Plaintiff stated that Yocum told him nontitled, nonhighway vehicles did not qualify as motorcycles under the application and advised him to answer the question "no."  
In an affidavit attached to plaintiff's complaint, Yocum acknowledged  he assisted plaintiff with his insurance application and stated that plaintiff told him he had a license to drive a motorcycle but had not driven one in 10 years and had no intention of driving one.  Accordingly, Yocum advised plaintiff to answer the question "no."

Plaintiff signed the following attestation included on the application:

"I represent the statements I have made herein are complete and true.  I understand the following: (a) if any information on this application is incorrect, this coverage may be voided[.]"

Defendant accepted the application and issued the policy in question to plaintiff, effective February 1, 1997.  On November 3, 1997, plaintiff was injured while he was operating a
 Suzuki DR370, a motorized, two-wheel vehicle, which could reach top speed of approximately 50 miles per hour.  Plaintiff was driving the vehicle off-road along a gravel railroad bed when he
 lost control of it and struck a tree.  Plaintiff subsequently submitted a written claim statement to defendant in which the accident was noted as "motorcycle accident off road dirt bike."  Defendant denied plaintiff's claim for medical expenses based on his "no" answer to the question on the application for insurance asking whether he had driven a motorcycle during the preceding two years or contemplated driving a motorcycle in the future.  In its letter of denial, defendant stated that "a copy of [plaintiff's] application was attached to, and made part of, [his] policy."  Defendant asserted that had plaintiff correctly answered the question regarding his use or contemplated use of a motorcycle, it "would have applied an Elimination Endorsement to [motorcycle driving] at that time."

Following the denial of his claim under the policy, plaintiff filed a complaint alleging that defendant breached the subject insurance contract by refusing to pay medical expenses arising from his injury.  Defendant, in turn, 
filed a three-count first amended counterclaim.  Count I sought rescission, alleging that defendant's "no" answer to the motorcycle-related question on the application constituted a material misrepresentation.  Counts II and III both sought a declaratory judgment stating that two exclusions in the policy regarding injuries sustained while engaged in illegal activity barred plaintiff's contractual right to recover medical expenses arising from his injury. 

Defendant subsequently filed a motion for summary judgment seeking rescission of the contract based upon plaintiff's "no" answer to the motorcycle-related question in the application for insurance.  In support of its contention that this answer constituted a misrepresentation, defendant attached to its motion plaintiff's deposition.  Plaintiff stated during his deposition that at the time he completed the insurance application, he had a license to drive a motorcycle and owned a 200 Honda street bike as well as the off-road bike involved in the accident.  Plaintiff received the street bike in exchange for tuning up a customer's tractor but had never driven it.  Plaintiff stated he repaired approximately a dozen motorcycle or dirt bikes per year and test-drove all of them.  He stated that during 1996 he test-drove a motorcycle that he had serviced and test-drove a dirt bike or motorcycle that he worked on in 1997.  When asked whether he operated a dirt bike or motorcycle during the two years before the date on which he submitted his insurance application, plaintiff answered, "Again I must have to test them, yes."  Plaintiff subsequently indicated that when he test-drove motorcycles and off-road cycles prior to submitting his application for insurance, he always did so off-road.  Plaintiff stated  that at the time he applied for his policy he had no intention of driving a motorcycle on the streets
 and had not operated a motorcycle upon a highway in the past two years.

In support of its contention that plaintiff's misrepresentation was material, defendant attached to its motion for summary judgment the deposition of Martin Pinkowski, an underwriting manager for defendant.  As an underwriting manager, Pinkowski evaluated the risks presented by insurance applications, determined whether a policy should be issued, and if so, whether it should be issued with an endorsement limiting or changing the terms of coverage.  Pinkowski stated that had plaintiff answered "yes" in response to the motorcycle-related question on the insurance application, defendant would have asked follow-up questions regarding his use of motorcycles and issued an elimination endorsement excluding coverage for motorcycle injuries.

During his deposition, Pinkowski identified the Lincoln National Life Underwriting Manual as a guide used by several insurance companies throughout the country
 which contains information on how to evaluate either medical or nonmedical risks
.  With respect to the manual, Pinkowski explained:

 "It gives [underwriters] some guidelines what to look for and what not to look for and possibly what requirements you might want to order also, but, again, it's just a guideline.  It's just guidelines.  It's not anything that's set in stone."  

Pinkowski noted that the underwriters he managed used the manual and that it recommends  issuing a policy without elimination endorsements if the applicant operates a motorcycle for pleasure or transportation on normal streets and roadways and does not have any history of accidents.  

Defendant alternatively contended in its motion for summary judgment that even if the contract was enforceable, the exclusions in the policy of coverage for injuries sustained while engaged in illegal activities barred plaintiff's claim under the policy.  Plaintiff tested positive for marijuana when treated for injuries sustained in the accident.  
Plaintiff admitted using marijuana, either a day or two before the accident or a week before the accident. 

Plaintiff filed a response to the motion for summary judgment contending that his answer to the motorcycle-related question on the application for insurance was accurate and
 that the vehicle he was operating at the time of his accident was a dirt bike rather than a motorcycle
.  Plaintiff asserted in his response that while a motorcycle is "a bike that you drive on the street or highway as a means of transportation from here to there," a dirt bike is driven off-road for recreational purposes.   Plaintiff additionally noted that he "might repair ten or twelve dirt bikes or off-road motorcycles" a year, which he test-drove not on the street, but off-road on his own property or on trails through the woods.

On October 16, 2001, the trial court issued a written memorandum and order granting defendant's motion for summary judgment.  The court found no ambiguity in the term "motorcycle," stating that "the common-sense, 'plain, ordinary, and popular' definition of 'motorcycle' manifestly include[d] the sort of vehicle used [by plaintiff]."  The court concluded that 
plaintiff's misrepresentation on the application was material and that defendant was thus entitled to summary
 
judgment.  The final paragraph of the court's order stated:

"For the foregoing reasons, defendant's Motion for Summary Judgment is granted.  Plaintiff's action is dismissed with prejudice.  Judgment is entered for defendant on Count I of its Counterclaim, rescinding the policy in question.  The rest of the Counterclaim is dismissed as moot."

Plaintiff contends on appeal that the trial court erred by rescinding the insurance policy and entering summary judgment in favor of defendant based upon its conclusion that he made a material misrepresentation on his application for medical insurance. 

Summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 102 (1992).  In reviewing a motion for summary judgment, the trial court is required to consider the affidavits, depositions, admissions, exhibits, and pleadings on file and to construe them strictly against the moving party and liberally in favor of the nonmoving party.  
In re Estate of Hoover
, 155 Ill. 2d 402, 410-11 (1993).  We apply 
de
 
novo
 review to orders granting summary judgment.  
In re Hoover
, 155 Ill. 2d at 411.

"Under the Insurance Code, no misrepresentation in a written insurance policy application 'shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company.' "  
Ratcliffe v. International Surplus Lines Insurance Co.
, 194 Ill. App. 3d 18, 25 (1990), quoting Ill. Rev. Stat. 1987, ch. 73, par. 766 (amended and recodified at 215 ILCS 5/154 (West 1996)); see also 215 ILCS 5/359a(3) (West 1996) (submission of a false statement on an insurance policy application may bar the insured's right to recover under the policy if the statement is material).  "A 'misrepresentation' in an application for insurance is a statement of something as a fact which is untrue and affects the risk undertaken by the insurer."  
Ratcliffe
, 194 Ill. App. 3d at 25.  A material misrepresentation will render a contract unenforceable even if it is made mistakenly or in good faith.  
Ratcliffe
, 194 Ill. App. 3d at 25.  Thus, an insurer need not prove that a misrepresentation was made with the intent to deceive so  long as it was material to the assumed risk.  
Ratcliffe
, 194 Ill. App. 3d at 25.  Whether information submitted on an application for insurance constitutes a misrepresentation is generally a question of fact.  See, 
e.g.
, 
Ratcliffe
, 194 Ill. App. 3d at 27.   

Plaintiff contends that in reviewing whether the trial court properly ruled that he made a misrepresentation, we must apply principles of contract interpretation to construe the term "motorcycle" in the insurance application.  Plaintiff argues that his "no" answer to the motorcycle-related question did not constitute a misrepresentation because the term "motorcycle," as it appeared on the application, was ambiguous and could reasonably have been construed not to include the vehicle he was operating at the time of his accident
.   

We recognize that the insurance application and the insurance policy subsequently issued by defendant constitute the underlying insurance contract in the instant case (see 
Bellmer v. Charter Security Life Insurance Co.
, 140 Ill. App. 3d 752, 755 (1986)), and that the trial court applied principles of contract interpretation in ruling upon defendant's motion for summary judgment.  However, we reject plaintiff's contention that we must apply those principles to the motorcycle-related question on the application in order to determine whether his answer to that question constituted a misrepresentation.  See 
Sullivan v. Board of Commissioners of Oak Lawn Park District
, 318 Ill. App. 3d 1067, 1071 (2001) (reviewing court may uphold a trial court's entry of summary judgment on any grounds that appear in the record without regard to whether trial court relied upon them); see also 
Norskog v. Pfiel
, 197 Ill. 2d 60, 69-70 (2001).  
Regardless of whether the vehicle involved in the accident qualified as a motorcycle, plaintiff admitted in his deposition that during the two years preceding his submission of the subject insurance application
 he operated not only dirt bikes but also motorcycles
.  Plaintiff did state at one point during his deposition that  he did not operate a motorcycle or dirt bike "on a highway" during the two years preceding the submission of his insurance application.  
However, the question at issue on the insurance application did not ask whether plaintiff had driven a motorcycle on a highway during the preceding two years.  Rather, it asked whether plaintiff had driven, without specifying where, a motorcycle during the preceding two years.  Plaintiff's deposition testimony unambiguously established that he did operate a motorcycle during that time period and thus established that there was no genuine issue of fact regarding whether his "no" answer was  a misrepresentation.

P
laintiff additionally argues that his answer was not a misrepresentation because Yocum told him to answer the question "no" and was an agent acting on behalf of defendant.  We note, however, that whether Yocum qualified as defendant's agent is irrelevant because plaintiff did not tell him that he repaired or drove motorcycles during the two years preceding the submission of his insurance application.  Rather, as plaintiff concedes in his brief, he "assumed" that Yocum knew he test-drove motorcycles.

Plaintiff next contends that his "no" answer to the motorcycle-related question on his insurance application did not constitute a "material" misrepresentation.  A misrepresentation is material if a reasonable person would consider it to substantially increase the chances of the event insured against and in turn 
cause the insurer to reject the application or require different conditions.  
Golden Rule Insurance Co. v. Schwartz
, 323 Ill. App. 3d 86, 96 (2001).  Materiality is generally a question of fact and may be established through testimony from the insurer's underwriter.  
Golden Rule Insurance Co.
, 323 Ill. App. 3d at 97.

Plaintiff contends that "[defendant] never showed that, as a matter of law, a 'yes' answer to [the motorcycle-related question on the application] would have resulted in the issuance of an *** elimination endorsement by defendant."
  To support this contention, he relies upon Pinkowski's testimony regarding the portion of the Lincoln National Life Underwriting Manual which recommends issuing insurance without endorsements for motorcycle injuries to applicants who ride motorcycles and have no history of accidents.  Plaintiff mistakenly assumes that the guidelines in the manual categorically dictated what defendant's underwriters were required to do.  Pinkowski's testimony made clear, however, that the guidelines in the manual were recommendations and not hard and fast rules that bound defendant's underwriters.  Pinkowski explained that had plaintiff answered the motorcycle-related question affirmatively, defendant would have undertaken further investigation to determine the circumstances under which plaintiff operated motorcycles.
  Pinkowski repeatedly stated that defendant would not have provided coverage for motorcycle injuries had plaintiff revealed that he had test-driven motorcycles during the two years preceding the submission of his insurance application.  Thus, we find that plaintiff failed to establish a genuine issue regarding the materiality of his misrepresentation. 

Based on the record, we conclude that the trial court properly rescinded the insurance contract pursuant to count I of defendant's first amended counterclaim.  We find it unnecessary to address the arguments raised by defendant in its cross-appeal or those raised in plaintiff's motion to dismiss that cross-appeal.  Based on 
the foregoing reasons, we affirm the trial court's entry of summary judgment, dismiss defendant's cross-appeal, and dismiss plaintiff's motion to strike defendant's cross-appeal. 

Affirmed; cross-appeal and motion to strike cross-appeal dismissed.

BUCKLEY and O'BRIEN, JJ., concur.